SO ORDERED: March 07, 2008.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LLOYD RANDOLPH SHINHOLT ) <br> GAIL ELAINE SHINHOLT ) <br>   ) <br> Debtors ) <br> _____ ) <br>   ) <br> LLOYD RANDOLPH SHINHOLT ) <br> GAIL ELAINE SHINHOLT ) <br>   ) <br> Plaintiffs ) <br>                              vs. ) <br>   ) <br> HOMECOMINGS FINANCIAL, LLC ) <br>   ) <br> Defendant ) <br> _____ ) | CASE NO. 05-25065-AJM-13 <br><br><br><br><br><br> Adversary Proceeding <br> No. 07-50315 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court on February 14, 2008 for hearing upon the Motion for Summary Judgment filed by the Defendant, Homecomings Financial, LLC.  Present at the hearing was Brian Goins for the Defendant and Charleyne Gabriel for the Plaintiff.  The Court having heard the arguments of counsel and having reviewed the materials submitted herein, now makes its finding and conclusions to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

1

*Findings of Fact*

1. This matter arises from Plaintiffs' Complaint filed on April 12, 2007 in which Plaintiffs allege that Homecomings Financial violated the automatic stay provided for under Section 362 of the Bankruptcy Code ( 11.U.S.C. § 3621).

2. Defendant filed its Motion for Summary Judgment on October 15, 2007, along with its memorandum in support thereof and its exhibits thereto which included Plaintiffs' Answers to Defendant's Interrogatories and exhibits thereto, and the Affidavits of Ms. Melissa Katz and Mr. Steven Green. Plaintiff filed no response thereto.

3. In Plaintiffs' Answers to Interrogatories, when asked to describe each and every actual financial loss, injury or harm they sustained by virtue of the allegations set forth in their complaint, Plaintiffs replied that "they have suffered damages of attorneys fees, lost of work time, personal time, and gasoline in their effort to rectify this." (Ex. C, p. 2, para. 3.); therefore, the only "losses" the plaintiffs claim relate to the prosecution of this action. Plaintiffs have not suffered any emotional injury. (Ex. C, p. 2, para. 4).

4. The undisputed affidavit of Melissa Katz demonstrates that the letters she sent to the Plaintiffs, which were received on or around February 14 and March 15 of 2007, were issued because Ms. Katz reasonably and honestly believed, based on information gathered from LexisNexis, that the debtor's bankruptcy case had been dismissed on March 29, 2006 and that Ms. Katz was not aware that the order dismissing the case on March 29, 2006 had been subsequently vacated. (Ex. A, para. 3-6).

5. The Defendant provided uncontested evidence that Homecomings was never notified as to the reinstatement of the Plaintiffs' bankruptcy case prior to the filing of the adversary action herein.

6. The Plaintiffs did not seek to mitigate their damages, but immediately proceeded to file suit herein. (Ex. D).

7. The Defendant presented uncontested evidence that the Plaintiffs have not suffered any actual injury unrelated to the prosecution of the herein adversary action.

8. As shown by the undisputed affidavit of Steven Green (Ex. B) the letters

        Plaintiffs received on June 5, 2007 and June 22, 2007 were not sent by the Defendant, or on its behalf, but were sent by Mountaineer Investments, LLC.

9. As shown by the undisputed affidavit of Steven Green (Exhibit B), Defendant sold the plaintiffs' loan to Mountaineer on April 17, 2007, Defendant retained no further interest in the loan thereafter,

10. Defendant did not contact or correspond with the Plaintiffs since that time, and that Defendant is not affiliated in any way with Mountaineer Investments, LLC.

### *Conclusions of Law*

1. Summary judgment is appropriate if the pleadings, depositions, admissions on file, and answers to interrogatories, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Super Valu Stores, Inc.*, 864 F., 2d 1409, 1412 (7th Cir. 1989).  If such a showing is made, the non moving party must come for the with evidence to show what facts are in actual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), *cert. denied*, 484 U.S. 1066 (1988).  If the non moving party fails to do so, summary judgment is proper.  *United States v. Selenske*, 882 F.2d 220, (7TH Cir. 1989).  It is well established that mere conclusory assertions, whether made in pleadings or in affidavits, are not sufficient to defeat a proper motion for summary judgment.  *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985).

2. "[T]wo elements are necessary to recover damages under Bankruptcy Code § 362.  First, there must be a willful violation of § 362(a)'s automatic stay provision.  Second, there must be an actual resultant injury", *Aiollo v. Providian Fin. Corp.*, 257 B.R. 245, 249 (N.D. Ill. 2000), *aff'd* 239 F3d 876 (7th Cir. 2001).  For damages to be awarded to an individual under that section, the individual must prove an injury caused by the stay violation and that the violation of the stay was willful.  *In re: Hutchings,* 348 B.R. 847, 854-855 (Bankr. N.D.Ala. 2006).

3. A violation of the automatic stay is a "willful violation" if, "the violator (1)

3

    knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay. *Jove Eng'g v. Internal Revenue Service,* 92 F.3d 1539, 1555 (11th Cir. 1996). "Willfulness" entails "actual knowledge that a bankruptcy is under way..." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

4. Homecomings reasonably believed the case had been dismissed and had received no notice otherwise when it issued the letters Plaintiffs complain of in their Complaint. Therefore, Homecoming's alleged violation of the automatic stay was not willful and an award of damages under 11 U.S.C. § 362 is unwarranted.

5. Section 362 only permits individuals who have actually been injured by a willful violation of the automatic stay to recover money damages and a technical violation of the stay is not enough to support an award of damages. *In re Hutchings,* 348 B.R. 847, 899-900.

6. In cases involving automatic stay violations, other bankruptcy courts have overwhelmingly held that debtors have an obligation to attempt to mitigate damages prior to seeking court intervention. In re: *Hutchings,* 348 B.R. 847, 854-855. The uncontested evidence submitted shows that Plaintiffs did not seek to notify Defendant of its error prior to the filing the complaint in this adversary proceeding.

7. Likewise, if a debtor has not actually suffered any injury as a result of a violation of the automatic stay, the debtor is not entitled, under Section 362 to recover any of their costs, and expenses, including attorneys fees. *Lovett v. Honeywell*, 930 F.2d 625, (8th Cir. 1991).

8. Section 362 only authorizes an award of punitive damages for stay violations under "appropriate circumstances." "Appropriate circumstances" has been interpreted to require that the violator's acts be egregious, vindictive, malicious, or accompanied by bad faith." *United States v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir.1989).

9. As the undisputed affidavit of Melissa Katz demonstrates, Homecomings was acting under the good faith belief that the debtors' bankruptcy case had been dismissed on March 29, 2006, without realizing that the dismissal order had been subsequently vacated. Therefore, the

      Defendant did not act in an egregious or vindictive manner, or in bad faith, and Plaintiffs are not entitled to seek punitive damages herein.

10. Because there is no genuine issue of material fact in this case with respect to the fact that the Plaintiff has not acted willfully in this case and that the only damages incurred by the plaintiffs herein are related to the prosecution of this action, the violation of the automatic stay was not willful and therefore no award should be made under Section 362 of the Bankruptcy Code.

### *Summary Judgment*

The Court concludes that there is no genuine issue of material fact with respect to the alleged violation by the Defendant of the automatic stay and that the Defendant is entitled to judgment as a matter of law.

IT IS THEREFORE, ORDERED THAT Defendant's Motion for Summary Judgment is hereby GRANTED and JUDGMENT entered in favor of the Defendant.

# # #

Distribution:

Brian Goins, Attorney for the Defendant
Charleyne Gabriel, Attorney for the Plaintiffs
Case Trustee
United States Trustee